UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. CR11- 035-MJP |
| Plaintiff, ) | |
| ) | |
| v. ) | SUMMARY REPORT OF U.S. |
| ) | MAGISTRATE JUDGE AS TO |
| KEVIN JOHN MORAN, ) | ALLEGED VIOLATIONS |
| ) | OF SUPERVISED RELEASE |
| Defendant. ) | |
| ) | |

An evidentiary hearing on supervised release revocation in this case was scheduled before me on October 19, 2012. The United States was represented by AUSA Andy Colasurdo and the defendant by Jennifer Wellman. The proceedings were digitally recorded.

Defendant had been sentenced on or about July 15, 2008 by the Honorable Fred Van Sickle in the Eastern District of Washington on a charge of Theft of Government Property, and sentenced to 12 months and one day custody, 3 years supervised release.

The conditions of supervised release included the standard conditions plus the requirements that defendant be prohibited from bidding on any government contracts for the removal or processing of timber products, provide financial information as requested, be

prohibited from having access to any bank account, ATM or credit card without advance permission, make all business records available for inspection, be prohibited from incurring new debt or credit obligations without permission, submit to search, participate in substance abuse treatment, abstain from alcohol, not enter any establishment where alcohol is the primary commodity for sale, and pay restitution in the amount of $37,688.77. (Dkt. 3, page 5-9.) The case was transferred to this District on February 7, 2011 (Dkt. 3 at 2.)

On March 29, 2011, defendant admitted violating the conditions of supervision by failing to truthfully answer the inquiries of the probation officer, obtaining a new line of credit without permission, and failing to pay monthly restitution payments. (Dkt. 8.) As a result, defendant's supervised release was modified to require defendant to participate in home detention with electronic monitoring for up to 180 days. (Dkt. 13.)

On August 24, 2011, defendant admitted violating the conditions of supervision by failing to comply with the electronic monitoring program. (Dkt. 18.) No further sanctions were imposed at the time. (Dkt. 21.)

In an application dated (Dkt. 22, 23), U.S. Probation Officer Jerrod Akins alleged the following violation of the conditions of supervised release:

1. Committing the crime of residential burglary, in violation of the general condition that he not commit another federal, state, or local crime.

Defendant was advised in full as to those charges and as to his constitutional rights.

The government offered certified copies of the Judgment and Sentence in the Snohomish County Superior Court, showing that defendant was convicted in a jury trial of committing the crime of Residential Burglary on July 23, 2012. Defendant does not object to

admission of the Judgment and Sentence as exhibits in this case. Therefore, I find it has been established by a preponderance of the evidence that defendant has violated the conditions of supervision as alleged in violation 1, by committing the crime of residential burglary. (Dkt. 28.)

I therefore recommend the Court find defendant violated his supervised release as alleged in violation one, and that the Court conduct a hearing limited to the issue of disposition. The next hearing will be set before Judge Pechman.

Pending a final determination by the Court, defendant has been released on the conditions of supervision.

DATED this 19th day of October, 2012.

Mary Alice Theiler
United States Magistrate Judge

cc: District Judge: Honorable Marsha J. Pechman
AUSA: Carl A. Colasurdo
Defendant's attorney: Jennifer Wellman
Probation officer: Jerrod Akins